UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC,** a
**Delaware Limited Liability Company,**

     **Plaintiff,**

**v.**                                                                   **Case No: 5:26-cv-436-JEP-PRL**

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 97.220.12.182,** an
**individual,**

     **Defendant.**

_____

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference. (Doc. 6). Plaintiff, as the alleged owner of copyrights for several adult videos upon which copyrights Defendant John Doe subscriber assigned IP address 97.220.12.182 ("Defendant") allegedly infringed, seeks leave of Court to serve a third-party subpoena on Defendant's alleged internet service provider, Verizon 5G Home (the "ISP"), for subscriber information before conducting the Federal Rule of Civil Procedure 26(f) conference. (*See id*. at pp. 1-3, 14). With an assumption that the subscriber is the infringer (and thus, the Doe defendant), Plaintiff alleges that Defendant—known to Plaintiff only through an association with an internet protocol ("IP") address—infringed its copyrights by using the BitTorrent protocol to download, copy, and distribute the videos. (*See id*. at p. 8). Plaintiff contends that it requires early discovery to learn the Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. (*See id*. at pp. 2-3, 9-11).

A court has broad discretion in managing discovery. *See Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the Rule 26(f) conference, absent a court order or other special circumstance. *See* Fed. R. Civ. P. 26(d)(1). A court may permit a party to conduct early discovery before a Rule 26(f) conference upon a showing of good cause. *See Malibu Media, LLC v. Doe*, No. 8:15-CV-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014).

Here, Plaintiff has established good cause for early discovery. It has sufficiently alleged infringement and does not have another way to discover the alleged infringer's identity to proceed with the litigation.

Still, the Court recognizes that the individual whose name is subscribed to the given IP address may not be the same individual who engaged in the infringing activity. Indeed, there is a substantial risk that a non-infringing party could be identified and served. As one court observed:

> By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, [p]laintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal citation and quotation marks omitted). At the same time, the privacy concerns of non-infringers are insufficient to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case. Therefore, certain procedural protections are warranted before any identifiable information is made public.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 6) is **GRANTED,** as set forth in this Order;

(2) Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name, physical addresses, telephone number, and e-mail address of the subscriber associated with the IP address at the time of the alleged infringing activity identified in the complaint (Doc. 1). Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet services to the subscriber. Plaintiff shall attach a copy of the complaint (Doc. 1) and this Order to any subpoena issued pursuant to this Order;

(3) If the ISP is a "cable operator" under 47 U.S.C. § 522(5), it must comply with 47 U.S.C. § 551(c)(2), which permits a cable operator to disclose personally identifiable information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," by sending a copy of this Order to the subscriber assigned the IP address. The ISP shall have **21 days** from service of the subpoena to notify the subscriber that identifying information is being sought pursuant to a Rule 45 subpoena. The ISP shall provide a copy of this Order with the notification;

(4) The ISP shall produce the information sought to Plaintiff no later than **21 days** after notification to the subscriber;

(5) The subscriber shall have **14 days** from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

(6) Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights, as set forth in the complaint;

(7) Additionally, Plaintiff shall adhere to the following procedures:

    a. In all written or oral communications with the subscriber, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of the subscriber and must inform the subscriber that any statements made by the subscriber may be used against the subscriber;

    b. If the subscriber contacts Plaintiff, Plaintiff shall inform the subscriber of the subscriber's right to hire legal counsel to represent the subscriber in this matter;

    c. At any time, the subscriber may inform Plaintiff by telephone or written communication that the subscriber does not want any further communication with Plaintiff until Plaintiff names the subscriber as the Doe defendant and serves the subscriber in this matter; and

    d. At least **14 days** before seeking issuance of a summons from the Clerk of Court that names the subscriber as the Doe defendant, Plaintiff must notify the subscriber, or counsel if represented, in writing of Plaintiff's intent to name the subscriber as the Doe defendant and serve the subscriber in this case.

- 5 -

**DONE** and **ORDERED** in Ocala, Florida on July 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -